# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN J. CONLEY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-2357-LPS |
| OFFICER STEARNE, et al., | : |
| Defendants. | : |

Brian J. Conley, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

## MEMORANDUM OPINION

June 13, 2022
Wilmington, Delaware


STARK, U.S. Circuit Judge:

I. **INTRODUCTION**

Plaintiff Brian J. Conley ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

II. **BACKGROUND**

Named Defendants are New Castle County Police Officer Stearne ("Stearne") and the New Castle County Police Department (NCCPD). Plaintiff alleges that on October 23, 2019, he had a 2001 Ford Mustang convertible tagged, registered, and titled in his name at the Delaware Division of Motor Vehicles. Plaintiff alleges that the previous owner reported to Stearne that Plaintiff did not pay him for the car. Plaintiff alleges that he did pay for the car and what should have been a civil case turned into a criminal case.

On October 26, 2019, Stearne charged Plaintiff with three felony theft charges. On October 27, 2019, Stearne had the vehicle towed from the apartment complex where Plaintiff lived. On October 28, 2019, Stearne returned to the complex and, as alleged by Plaintiff, slandered his name to other residents in the complex.

On November 13, 2019, all felony charges "were dropped." On November 14, 2019, Stearne returned to the complex and, Plaintiff alleges, intimidated Plaintiff's friends to find out who had keys to the vehicle and continued to slander Plaintiff, calling him a thief. On November 22, 2019, the Court of Common Pleas in and for New Castle County discharged the case with no court

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

costs, fines, or restitution. On the same day, Plaintiff's public defender, Julia Badson ("Badson"), contacted Stearne about the return of Plaintiff's vehicle, and Stearne stated that he could not tell anyone where the car was until the case was discharged, but the court clerk had not yet updated the case in the system.

On December 13, 2019, Badson notified Stearne that the case was officially discharged in the system, and she asked about the whereabouts of the car. Plaintiff alleges that Stearne ignored her. After unanswered calls on December 13 and 18, 2019, Stearne advised Badson on December 19, 2019 that the vehicle had been given to the previous owner. Plaintiff alleges that the car should not have been towed or given to the previous owner because that individual has no legal right to it. Plaintiff alleges that the car is titled, registered, and owned by him, no restitution was ordered, and no civil suit was ever filed. Plaintiff alleges that Defendants stole his car and he wants it back.

For relief, Plaintiff seeks return of the car. In addition, if someone obtained a salvaged title for the vehicle after October 27, 2019 (when it was towed), Plaintiff asks that criminal charges be brought against the officer who assisted in this and the person who obtained the title, as well as return of the car. Finally, Plaintiff seeks $50,000 if the foregoing requests for relief are not possible.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

2

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation

3

marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff's taking of property and liability claims against Stearne are not cognizable under 42 U.S.C. § 1983. To the extent Plaintiff alleges a due process claim based on the deprivation of his personal property, it is not actionable under § 1983 unless there is no adequate post deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds* by 474 U.S. 327 (1986)); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015). Because Delaware provides an adequate remedy – filing a common law claim for conversion of property – Plaintiff cannot maintain a cause of action pursuant to § 1983. *See Harris*, 609 F. App'x at 705; *see also Affordable Autos, Inc. v.*

*Dietert*, 2016 WL 1169244 (Del. Super. Ct. Mar. 24, 2016); *Stickney v. Goldstein*, 2002 WL 31999358 (Del. Ct. Com. Pl. Mar. 14, 2002).

In addition, the defamation/slander claims are not actionable under 42 U.S.C. § 1983. *See e.g., Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("[D]efamation is not a deprivation of liberty within the meaning of the due process clause.").

Also, the claim against the NCCPD fails. It is well established that municipal liability under § 1983 "may not be proven under the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Consequently, a municipality may be liable under Section 1983 only where the constitutional injury is alleged to have been caused by a municipal "policy" or "custom." *Monell*, 436 U.S. at 694.

While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct... so permanent and well settled as to virtually constitute law." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citing *Monell*, 436 U.S. 658). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). The Complaint does not allege any of the required elements. Moreover, absent any allegation that a custom or policy established by the NCCPD directly caused harm to Plaintiff, his § 1983 claim cannot stand.

5

Finally, Plaintiff asks that criminal charges be brought against individuals involved in the taking of his vehicle. The decision whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Plaintiff's allegations fail to state claims under 42 U.S.C. § 1983, are legally frivolous, and will be dismissed.

V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds amendment futile.

An appropriate Order will be entered.